# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY WILLIAMS, Sr., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 15-6971 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al. | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.       INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## II.       BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names the following as defendants in this case:  (1) Federal Bureau of Prisons ("BOP"); (2) Dr. Nugent; (3) Dr. Sood; (4) Dr. Turner; and (5) P.A. Sytgotian.

Plaintiff states that Nugent was a former contract urologist specialist at F.C.I. Fort Dix where plaintiff is incarcerated. Nugent treated plaintiff for an enlarged prostate in October, 2013.

Surgery was performed on October 18, 2013. Plaintiff's catheter was removed sometime after surgery, but he began to experience pain and swelling in the area of his testicles.

On November 21, 2013, plaintiff was taken to the hospital emergency room where he was diagnosed with a severe urinary tract infection. Nugent came to the medical center the next day and prescribed plaintiff Ciprofloxacin.

Plaintiff's condition worsened over the next two weeks and plaintiff was intravenously given antibiotics. Ultimately, Nugent determined that plaintiff's left testicle was infected and plaintiff was prepped for surgery to remove the left testicle. However, plaintiff noticed Nugent's hands shaking before surgery and refused surgery because he believed Nugent was incompetent. The complaint indicates that Nugent passed away at some point after this incident occurred. Subsequently, another urologist examined plaintiff and came to the determination that removal of his left testicle was not necessary and that the swelling was common after the surgery but that the pain and infection was uncommon.

Plaintiff states that he suffered a long period of pain caused by the infection and that he suffers from retrograde ejaculation. According to plaintiff, retrograde ejaculation occurs where semen enters the bladder instead of being released from the penis during ejaculation.

Plaintiff claims that Nugent was incompetent as the catheter was pushed too far into his penis which caused scaring and the infection as well as Nugent's shaking hands prior to the attempt to remove his testicle. Furthermore, plaintiff states that Nugent's incompetence is shown by the fact that the infection was allowed to grow inside plaintiff and that he was not immediately hospitalized.

Besides being mentioned in the caption, plaintiff does not name the Federal Bureau of Prisons, Sood, Turner or Sytgotian in the body of the complaint in any fashion whatsoever.

2

However, in a document attached to the complaint from December, 2013, plaintiff states that he went to the medical department on December 5, 2013. This was after Nugent had told him on December 4, 2013 that he needed antibiotics intravenously and that he would get plaintiff to the hospital soon. On that day, Sytgotian told plaintiff that he should stop coming to medical because he had just seen the specialist the day before and to "man up" and stop wasting their time. Sytgotian also told plaintiff that he would go to the special housing unit ("SHU") if he did not stop complaining. Plaintiff further states that the same day, he had the P.M. Dorm Officer contact the Lieutenant's Office to inform him of his condition. While at the Lieutenant's office, plaintiff was advised that he had to wait until the next day to go to sick call. The Lieutenant called Dr. Turner, but "the [Lieutenant] advised [plaintiff] that he wasn't going to look at [his] private parts and brought [him] back to the dorm." The next day, December 6, 2013, plaintiff spoke to the associate warden about his condition. After checking with medical, the associate warden had plaintiff taken to the emergency room at St. Francis Medical Center where he remained until December 17, 2013, when he was discharged by Nugent.

In another document that is attached to the complaint dated January 7, 2014, plaintiff states that he saw Sood on January 2, 2014 on a medical visit. Sood examined plaintiff and noted the swollen testicle, but stated that nothing could be done and that plaintiff would have to wait to see Nugent on his next visit.

Plaintiff filed his federal complaint in September, 2015. He asserts claims under the Eighth Amendment due to deliberate indifference to his serious medical needs. Additionally, plaintiff raises state law claims of negligence/medical malpractice. Finally, plaintiff requests the appointment of counsel.

### III.    LEGAL STANDARDS

A.  Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223, (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim) (citations omitted).

B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens,* a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.   DISCUSSION

A. Federal Bureau of Prisons

As previously noted, plaintiff names the BOP as one of the defendants in this case. "However, Bivens only authorizes suit against federal officials in their individual capacities, not the United States and federal agencies." *Warren v. United States*, 279 F. App'x 162, 163-64 (3d Cir. 2008) (per curiam) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994)). Accordingly, as the BOP is not a proper party in this *Bivens* action, plaintiff's federal claims against it will be dismissed with prejudice for failure to state a claim upon which relief may be granted. *Accord*

*Warren*, 279 F. App'x at 164 (finding that Federal Bureau of Prisons is not a proper defendant in a *Bivens* action).

    B. <u>Nugent, Sood, Turner & Sytgotian</u>

        Plaintiff alleges that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official:  "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury."  *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230,

236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003)

(quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The Court finds that plaintiff has failed to allege a federal *Bivens* claim against Nugent,

Sood, Turner and Sytgotian (collectively the "individual defendants") based on their purported

deliberate indifference to his serious medical needs. Instead, the complaint alleges that a catheter

was improperly inserted causing a urinary tract infection and that Nugent subsequently

misdiagnosed the need for plaintiff's left testicle to be removed. After plaintiff's surgery,

however, as indicated in the complaint, plaintiff received treatment such as being prescribed

antibiotics both orally and intravenously to treat the urinary tract infection. Plaintiff's

disagreement with Nugent's actions during surgery and his subsequent medical judgment as to

how best to treat his infection through prescribing antibiotics does not rise to the level of Eighth

Amendment violation.[2] The fact that another doctor ultimately determined that removal of

plaintiff's left testicle was not necessary does not change this result as this and plaintiff's

challenge to Nugent's prescribed antibiotics treatment for the infection amount only to a medical

disagreement over how best to treat plaintiff. *See Lenhart v. Pennsylvania*, 528 F. App'x 111,

115 (3d Cir. 2013) (per curiam) (stating that complaint that alleges physician was negligent in

diagnosing and treating a medical condition does not state a valid claim of medical mistreatment

and that mere disagreement as to proper medical treatment does not support a claim of

---

[2] Plaintiff does not make any allegations in the body of the complaint with respect to Sood, Turner or Sytgotian. However, even construing the documents he attaches to the complaint as his allegations against these three defendants that they were deliberately indifferent to his serious medical needs, plaintiff does not state a federal claim against these three defendants. Indeed, plaintiff admits that he was receiving treatment (albeit treatment he claims was insufficient) to treat his infection at the time of these three defendants' involvement. At best, as with Nugent, his allegations also only rise to the level of negligence/medical malpractice with respect to these three defendants. Plaintiff was being treated for his medical condition and his claim is one of disagreement with the type of treatment he was prescribed as opposed to being deliberately indifferent to his serious medical needs.

inadequate medical mistreatment to support a constitutional claim); *Smith v. O'Boyle*, 251 F.

App'x 87, 90 (3d Cir. 2007) ("Because a disagreement as to the proper medical treatment for a

prisoner is insufficient to establish an Eighth Amendment violation, the District Court properly

dismissed Smith's complaint.") (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). At

most, plaintiff's allegations only rise to the level of medical malpractice, which is insufficient to

state an Eighth Amendment deliberate indifference to a serious medical need claim. *See Spruill*,

372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a

constitutional violation."); *see also Bramson v. Sulayman*, 251 F. App's 84, 86 (3d Cir. 2007)

(per curiam) ("Bramson's complaint makes clear that the defendants treated him on many

occasions. He claims that those treatments proved ineffective and that defendants negligently

failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment

claim.") (citing *Estelle v. Gamble*, 429 U.S. 97, 107-08 & n.16 (1976)). Accordingly, plaintiff's

federal claims against the individual defendants will be dismissed without prejudice for failure to

state a claim upon which relief may be granted.

    C.  <u>State Law Claims</u>

        Plaintiff also alleges state law claims of negligence/medical malpractice against the

defendants. As shown above, there are no more federal claims remaining against the defendants.

Thus, the remaining potential basis for plaintiff's state law claims is supplemental jurisdiction

pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had

federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction

over the remaining state law claims. *See id.* § 1367(c)(3). Because plaintiff's federal claims

against the defendants no longer remain, this Court will exercise its discretion to decline

supplemental jurisdiction over plaintiff's state law claims.

D.  Appointment of Counsel

Plaintiff's requests the appointment of counsel in his complaint. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir. 1997). At a minimum, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993). Once that threshold of merit is crossed, a court determining whether to appoint counsel will considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Appointment of counsel is discretionary, and may be done at any point during the litigation, either *sua sponte* or upon motion. *See id.* at 156.

In this case, the Court will deny the request for the appointment of counsel without prejudice. As described above, the complaint has been screened and is being dismissed for failing to state a claim upon which relief may be granted. Thus, plaintiff has failed to make a showing that there is some merit in fact or in law to the claims he is attempting to assert.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's federal claims against the BOP will be dismissed with prejudice and his federal claims against the individual defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court will decline to

exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's request for the

appointment of counsel will be denied without prejudice. An appropriate order will be entered.


DATED:  December 2,  2015                              s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge